CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

RACHEL S. MORIYAMA  #3802
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Rachel.Moriyama@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JUDI CHASE,<br><br>  Defendant. | Civil No. 23-589<br><br>COMPLAINT; SUMMONS |

COMPLAINT

This is an action by the United States of America against Defendant Judi Chase ("Chase" or "Defendant"), to recover monies Defendant wrongfully obtained from the Federal Emergency Management Agency through false or

fraudulent claims for payment.  For its causes of action, the United States alleges as follows:

## NATURE OF ACTION

1. The United States brings this action to recover statutory damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 – 3733.  The United States also brings this action to recover all available damages and other monetary relief under the common law or equitable theories of unjust enrichment and payment by mistake of fact.

## JURISDICTION AND VENUE

2. This action arises under the FCA and the common law.

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff.  The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

4. The Court has personal jurisdiction over Defendant under 31 U.S.C. § 3732(a) because Defendant can be found, resides, or transacts business in this District, or has committed the alleged acts in this District.

5. Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) as Defendant can be found in this District and/or a substantial part of the events or omissions giving rise to the claim occurred in this District and/or the property that is the subject of the action is situated, in this District.

## PARTIES

6.      The United States funds certain emergency assistance programs through the Federal Emergency Management Agency ("FEMA").

7.      Defendant Judi Chase is a resident of Hawaii County, Hawaii, and at all times relevant to this action, was an owner of the subject real property located at 13-3592 Nohea Street, Pahoa, County of Hawaii, Hawaii 96778 (the "Nohea Street Property").

## THE HAWAII KILAUEA VOLCANIC ERUPTION AND EARTHQUAKES PROGRAM

8.      Kilauea is an active volcano located on the Island and County of Hawaii, State of Hawaii. In May 2018, Kilauea began erupting, and on or about May 11, 2018, under the authority of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121, *et seq.* (the "Stafford Act"), the President of the United States of America declared it a major disaster. The President's declaration made available grant assistance to individuals and households to respond to the disaster-related housing needs of individuals and households who were displaced from their predisaster primary residences or whose predisaster primary residences were rendered uninhabitable, pursuant to the Stafford Act § 408(b) (42 U.S.C. § 5174(b)).

9.      In response to the Kiluaea eruption and the resulting damage caused by the lava flows, FEMA established the Hawaii Kilauea Volcanic Eruption and

Earthquakes Program (DR-4366, incident period May 3, 2018, through August 17, 2018) (the "Program").

10. The Program was designed to provide financial disaster assistance to qualified property owners whose "primary residence" was destroyed or damaged as a result of the Kilauea volcanic activity during the period from May 3, 2018, through August 17, 2018. The Program defined "primary residence" as the location where the applicant lived for "more than six months out of the year".

## THE FALSE CLAIMS ACT

11. The FCA provides, in pertinent part, that any person who:

    (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

    (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . .

is liable to the United States Government for three times the amount of damages which the United States sustains because of the acts of that person, plus civil penalties. 31 U.S.C. § 3729(a)(1)(A) – (B).

12. The FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015. *See* 28 U.S.C. § 2461 note. For violations occurring after November 2, 2015, the civil penalty amounts currently range from a minimum of $13,508.00 to a maximum of $27,018.00 per violation. 28 C.F.R. § 85.5.

13. For purposes of the FCA, the terms "knowing" and "knowingly" —

    (A) mean that a person, with respect to information —

        (i) has actual knowledge of the information;

        (ii) acts in deliberate ignorance of the truth or falsity of the information; or

        (iii) acts in reckless disregard of the truth or falsity of the information; and

    (B) require no proof of specific intent to defraud.

31 U.S.C. § 3729(b)(1).

14. Under the FCA, the term "claim" includes any request for payment presented to the United States, whether made directly or indirectly to the United States. 31 U.S.C. § 3729(b)(2)(A).

15. The FCA defines "material" to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. 31 U.S.C. § 3729(b)(4).

GENERAL ALLEGATIONS

16. To apply for Program assistance, applicants could apply online, by telephone, or at a Disaster Recovery Center.

17. The online application process took the applicant through a series of screens in which the applicant was prompted to provide their personal and contact information; the damaged dwelling address; the type of losses sustained;

information about the damaged dwelling; availability of home insurance; disaster-related vehicle damage; emergency needs; any special needs for a household member with a disability; business damages; information about occupants; and financial and banking information.  The screen relating to damaged dwelling specifically asked the applicant:  "Is this your primary residence, where you live more than six months out of the year?" and required the applicant to select from a drop down menu providing two choices:  "YES (PRIMARY) or "NO (SECONDARY)."  Applicants were provided the FEMA definition of "primary residence" via the question:  "Is this your primary residence, where you live more than six months out of the year?"

    18.    On or about June 16, 2018, Defendant submitted an online application to the Program utilizing Registration ID Number 50-4258575.  In her application, Defendant knowingly made the following statements and certified them as true and correct to the best of knowledge:

    (a)    The Nohea Street Property was her "primary residence."

    (b)    The Nohea Street Property had been damaged or destroyed during the covered period from May 3, 2018, through August 17, 2018.

    (c)    Her date of loss was May 27, 2018.

    (d)    She listed her then current address as 13349 Barbara Ann Street, North Hollywood, California, 91605.

19. By submitting her application to FEMA, Defendant falsely certified that the Nohea Street Property was her primary residence under the FEMA definition — *i.e.*, where she lived for "more than six months out of the year".

20. Subsequent investigation by the Department of Homeland Security, Office of Inspector General ("DHS-OIG") determined that the Nohea Street Property was not Defendant's "primary residence" because Defendant did not live in the Nohea Street Property for more than six months of each year. Among other things, the DHS-OIG obtained the following information regarding her residency:

(a) The property located at 13349 Barbara Ann Street, N. Hollywood, CA, 91605 was and is owned in part by G.G., the father of Defendant's child, S.C. Defendant had regularly used, and been associated with, the 13349 Barbara Ann Street address since 1996.

(b) For tax years 2017 and 2018, Defendant filed federal tax returns and California state tax returns. Defendant listed her address as 13349 Barbara Ann Street, N. Hollywood, CA, 91605 on her 2017 and 2018 federal and state tax returns.

(c) Included in Defendant's 2018 California tax return was a copy of her Form 3514 for the California Earned Income Tax Credit ("EITC"). To qualify for the California EITC, an individual had to show that he or she: (1) had taxable earned income; (2) a valid social security number for themselves, their

spouse, and any qualifying children; (3) did not use "married/RDP filing separate" if married; and (4) lived in California for more than half the year. Defendant's Form 3514 stated that in 2018 her son, S.C., was a qualifying child who lived with her in California for "365" days," and listed S.C.'s physical address during 2018 as "13349 Barbara Ann St., North Hollywood, CA, 91605."

    (d)    A review of Defendant's Bank of America account records (Account No. ending in 6404), for the period from August 15, 2017 to September 6, 2018, indicated that the majority of her purchases/withdrawals occurred in California. During that same period of time, the bank records showed purchases with a nexus to Hawaii only during a 28-day period from December 14, 2017, through January 11, 2018.

    (e)    On or about September 9, 2020, Defendant was interviewed by a DHS-OIG agent. When confronted with evidence showing that she did not live at the Nohea Street Property for more than six months out of the year, Defendant admitted that the Nohea Street Property was not her "primary residence" as defined by FEMA in the Program's online application process.

21.    Defendant's statements contained in her Program application that she was qualified to apply to the Program for disaster assistance because the Nohea Street Property was her "primary residence" were false.

8

22. Based upon Defendant's false or fraudulent Program application, FEMA paid Defendant a total of $45,290.81 in disaster assistance payments as follows:

(a) On or about July 13, 2018, FEMA paid Defendant $34,000 in Program disaster assistance funds via an electronic funds transfer to Defendant's Bank of America account (Account No. ending in 6404).

(b) On or about March 25, 2019, FEMA paid Defendant an additional $11,290.81 in Program disaster assistance funds via an electronic funds transfer to Defendant's Bank of America account(Account No. ending in 6404).

COUNT I
False Claims Act, 31 U.S.C. § 3729(a)(1)(A)
Presenting or Causing False Claims to Be Presented for Payment

The United States realleges and incorporates Paragraphs 1 to 22, above, as if they were fully set forth herein.

23. Defendant knowingly submitted a false or fraudulent application for disaster assistance to the Hawaii Kilauea Volcanic Eruption and Earthquakes Program by falsely stating that her Nohea Street Property was her "primary residence," when in fact, she did not live in the Nohea Street Property for more than six months out of the year.

24. Defendant knowingly requested and received $45,290.81 in Program disaster assistance funds that she was not entitled to receive.

25. As a result of Defendant's acts, the United States was damaged in the amount of $45,290.81, and therefore is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT II
### False Claims Act, 31 U.S.C. § 3729(a)(1)(B)
### Making or Using False Records or Statements

The United States realleges and incorporates Paragraphs 1 to 22, above, as if they were fully set forth herein.

26. Defendant knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B), including her false statement that the Nohea Street Property was her "primary residence," when in fact, the Nohea Street Property did not meet or satisfy the Program's "primary residence" definition and Defendant was not qualified to apply for the Program disaster assistance.

27. As a result of Defendant's acts, the United States was damaged in the amount of at least $45,290.81, and therefore is entitled to treble damages under the False Claims Act, plus civil penalties for each violation.

## COUNT III
### Unjust Enrichment

The United States realleges and incorporates Paragraphs 1 to 22, above, as if they were fully set forth herein.

28.  By applying for and obtaining $45,290.81 in Program disaster assistance funds from the United States, when she did not meet the eligibility requirements for the Program and was not entitled to receive such Program disaster assistance funds, Defendant was unjustly enriched.

29.  The United States is entitled to damages in an amount of at least $45,290.81, plus interest and any other costs to be determined at trial.

## COUNT IV
## Payment by Mistake

The United States realleges and incorporates Paragraphs 1 to 22, above, as if they were fully set forth herein.

30.  Defendant applied for Program disaster assistance funds when she was not qualified to participate in the Program or entitled to receive such disaster assistance funds.

31.  The United States paid Defendant $45,290.81 in Program disaster assistance funds based on its mistaken understanding of facts relating to Defendant's Program eligibility.

32.  The United States is entitled to damages in the amount of at least $45,290.81, plus interest and any other costs to be determined at trial.

## PRAYER FOR RELIEF

The United States requests that the Court enter judgment in its favor against Defendant as follows:

  A On Counts I and II (False Claims Act), the amount of the United States' damages, trebled as required by law, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

  B. On Count III (Unjust Enrichment), the damages sustained by the United States, and/or the amounts by which Defendant was unjustly enriched or by which Defendant retained obtained monies to which she was not entitled, plus interest, costs, and expenses.

  C. On Count IV (Payment by Mistake), the amounts mistakenly paid by the United States to the Defendant, plus interest, costs, and expenses.

  D. All other relief as may be required or authorized by law and in the interests of justice

  DATED:  December 11, 2023, at Honolulu, Hawaii.

        CLARE E. CONNORS
        United States Attorney
        District of Hawaii

         /s/ Rachel S. Moriyama
       By _____
        RACHEL S. MORIYAMA
        Assistant U.S. Attorney

        Attorneys for Plaintiff
        UNITED STATES OF AMERICA